UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) MICHAEL KLEINSASSER,<br>  an individual,<br><br>      Plaintiff,<br><br>v.<br><br>1) PROGRESSIVE NORTHERN<br>  INSURANCE COMPANY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.:  CIV-16-102-M<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Northern Insurance Company ("Progressive"), hereby removes the above-captioned action from the District Court of Woodward County, State of Oklahoma to this Court. Pursuant to LCvR 81.2(a), a copy of the state docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-3**.

The removal of this case to federal court is based on the following.

### PROCEDURAL HISTORY

1.  On November 17, 2012, Plaintiff was involved in an automobile accident. As a result of that accident, Plaintiff filed suit against the tortfeasor. On February 20, 2014, Plaintiff filed an Amended Petition adding a claim for underinsured motorist ("UIM") benefits against Progressive. (*See* Amended Petition, Woodward County Case No. CJ-2014-07, **EXHIBIT 4**.)

2. On or about September 8, 2014, Plaintiff notified the court that he had reached a settlement with Progressive. On or about November 4, 2014, Plaintiff dismissed his claim against Progressive with prejudice. (*See* Dismissal with Prejudice, Woodward County Case No. CJ-2014-07, **EXHIBIT 5**.)

3. On April 4, 2013, Plaintiff was involved in a second automobile accident. Plaintiff claims that accident was caused by the negligence of non-parties Ricky Lee Bellows ("Bellows") and Kwick Rentals, L.L.C. ("Kwick Rentals"). (*See* Petition, Woodward County Case No. CJ-2015-44, **EXHIBIT 6**.) Plaintiff had a passenger in his vehicle, Daniel Caswell ("Caswell"). At the time of Plaintiff's second accident, his vehicle was insured under an automobile insurance policy issued by Progressive.

4. Plaintiff's passenger, Caswell, filed a claim with Progressive under Plaintiff's policy. Progressive tendered Plaintiff's liability policy limits to Caswell. In exchange, Caswell provided a release of all claims that he may have against Plaintiff. Progressive also tendered the limits of the UIM coverage available under Plaintiff's automobile insurance policy to Caswell.

5. On April 2, 2015, Caswell filed suit against Bellows and Kwick Rentals. Caswell asserted Plaintiff's second automobile accident was caused by the negligence of Bellows and Kwick Rentals.

6. On April 3, 2015, Plaintiff filed suit against Bellows and Kwick Rentals. Plaintiff claimed his second accident was caused by the negligence of Bellows and Kwick Rentals.[1]

7. At the time of Plaintiff's second accident, the vehicle operated by Bellows was insured under two automobile insurance policies issued by Progressive. Pursuant to the insurance contracts with Bellows and Kwick Rentals, Progressive retained counsel (Brad Roberson of PIGNATO, COOPER, KOLKER & ROBERSON, P.C.) to represent Bellows and Kwick Rentals in the lawsuits filed by Plaintiff and non-party Caswell.

8. Plaintiff commenced the present lawsuit against Progressive in the District Court of Woodward County, State of Oklahoma, on or about February 5, 2016. Plaintiff's Petition asserts a cause of action for tortious breach of contract, *i.e.* bad faith, against Progressive. (*See* Petition, **EXHIBIT 2**.)

9. Plaintiff's Petition asserts that Progressive acted in bad faith "by representing that it was paying to [non-party] Caswell liability funds from Plaintiff's insurance policy and UM policy and then using the act and release given in exchange as a means to defeat Plaintiff's claims against Bellows and Kwick Rental." (*See* Petition, ¶ 11, **EXHIBIT 2**.)

10. Plaintiff's Petition further asserts that Progressive acted in bad faith "by attempting to shift responsibility for the April 4, 2013, collision to Plaintiff from Bellows with Kwick Rental with the intention to reduce their potential liability under the

---

[1] Plaintiff originally filed suit against Bellows and Kwick Rentals on or about January 31, 2014. Plaintiff dismissed that lawsuit against Bellows and Kwick Rentals on or about May 12, 2014. Plaintiff refiled his lawsuit against Bellows and Kwick Rentals on April 3, 2015.

3

Bellows/Kwick Rental Policy . . . to just the . . . liability and UM money available under Plaintiff's policy." (*See* Petition, ¶ 11, **EXHIBIT 2**.)

11. As a result of Progressive alleged bad faith conduct, Plaintiff seeks a "judgment against [Progressive] for compensatory damages for intentional infliction of emotion distress and mental pain and suffering, disgorgement of the increased financial benefits derived by [Progressive] as a direct result of its wrongful conduct, actual and punitive damages each in an amount in excess of $75,000.00 and prejudgment interest, costs and attorneys' fees." (*See* Petition, p. 3, **EXHIBIT 2**.)

## COMPLETE DIVERSITY EXISTS

12. "'Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction. Generally, jurisdiction depends upon the state of things at the time of filing. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004).

13. At the time of filing, federal question jurisdiction did not exist. Plaintiff's Petition does not contain allegations that the Constitution or any federal statute had been violated. Thus, this case is removable only if diversity jurisdiction exists.

14. For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State by which it has been incorporated and the State where it has its principal place

4

of business. 28 U.S.C. § 1332(c). While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

15. At the time of filing, Progressive was a foreign corporation, incorporated under the laws of the State of Wisconsin with "nerve center" or "principal place of business" in Ohio. (*See* Annual Statement of Progressive Northern Insurance Company, **EXHIBIT 7**.) Thus, Progressive was deemed to be a citizen of the States of Wisconsin and Ohio. Progressive was not a citizen of the State of Oklahoma.

16. Upon information and belief, at the time of filing, Plaintiff was a resident and citizen of the State of Oklahoma. (*See* Petition, ¶ 2, **EXHIBIT 2**.) Plaintiff was not a citizen of the States of Wisconsin or Ohio.

17. Plaintiff and Progressive are citizens of different states. The complete diversity requirement of 28 U.S.C. § 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

18. Diversity of jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. In the present case, this requirement is also met.

19. "The right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969, 971 (10th Cir. 1942). As disclosed by the pleadings, Plaintiff is seeking damages in excess of $75,000.00.

20. Specifically, Plaintiff is seeking a "judgment against [Progressive] for compensatory damages for intentional infliction of emotion distress and mental pain and suffering, disgorgement of the increased financial benefits derived by [Progressive] as a direct result of its wrongful conduct, actual and punitive damages each in an amount in excess of $75,000.00 and prejudgment interest, costs and attorneys' fees." (*See* Petition, p. 3, **EXHIBIT 2**.)

21. Therefore, as disclosed by the pleadings, the amount in controversy requirement is met.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

22. This Notice of Removal is timely filed. Title 28 U.S.C. § 1446(b)(1) requires that the "removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

23. Progressive has not been formally served with this lawsuit. Thus, the time window for removal has not started to run. However, Progressive has become aware of this lawsuit and is waiving its right to service. Additionally, pursuant to 28 U.S.C.§ 1446(b), Progressive has one year from the date of filing to remove this case. This case was filed on February 5, 2016. Thus, one year has not elapsed since this action was commenced and this Notice of Removal is timely filed.

24. Next, federal statute requires that none of the parties served as defendants be citizens of the State in which the action is brought. *See* 28 U.S.C. § 1441(b). Progressive is

not a citizen of Oklahoma, the State in which this action was brought. Therefore, this requirement is also met.

25. Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the notice of removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of Woodward County, State of Oklahoma. The Western District of Oklahoma includes the County of Woodward County. *See* 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

26. Pursuant to 28 U.S.C. § 1446(d), Progressive will serve written notice of the filing of this Notice of Removal upon Plaintiff. As required, Progressive will also file a copy of the Notice of Removal with the Clerk of the District Court in and for Woodward County, State of Oklahoma.

WHEREFORE, Defendant, Progressive Northern Insurance Company, removes this action from the District Court in and for Woodward County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

        Respectfully submitted,

        s/ Gerard F. Pignato
        Gerard F. Pignato, OBA No. 11473
        PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
        Robinson Renaissance Building
        119 North Robinson Avenue, 11th Floor
        Oklahoma City, Oklahoma 73102
        Telephone: 405-606-3333
        Facsimile: 405-606-3334
        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

  I hereby certify that on February 5, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

  Duke Halley, Esquire
  Danny Talbot, Esquire

  I hereby certify that on February 5, 2016, I served the same document by U.S. Mail to the following, who are not registered participants in the ECF system:

  Ms. Tammy Roberts, Court Clerk
  1600 Main Street
  Woodward, Oklahoma 73801

        s/ Gerard F. Pignato
        For the firm