# EXHIBIT 2

DISTRICT COURT OF WOODWARD COUNTY
STATE OF OKLAHOMA

WOODWARD COUNTY, OKLAHOMA
F I L E D
FEB - 5 2016
DISTRICT COURT
TAMMY ROBERTS, COURT CLERK
BY_____ DEPUTY

MICHAEL KLEINSASSER, an individual, )
                                                      )
               Plaintiff,       )
                                                      )
v.                                                    )   Case No. CJ-2016-16
                                                      )
PROGRESSIVE NORTHERN      )
INSURANCE COMPANY,          )
                                                      )
               Defendant.    )

## PETITION

COMES NOW Plaintiff and for cause of action against the Defendant alleges and states:

1. At all times relevant hereto Defendant had issued an insurance policy to Plaintiff providing for automobile liability insurance coverage of $100,000.00 and automobile underinsured motorist coverage of not more than $100,000.00.

2. Plaintiff is a resident of Woodward County, Oklahoma and defendant has at all times relevant hereto conducted business within Woodward County, Oklahoma.

3. On February 20, 2014, Plaintiff filed an Amended Petition in the District Court of Woodward County, Oklahoma, in Case No. CJ-2014-07, in which he made claim against Defendant for underinsured motorist payment arising from a vehicular collision that occurred on November 17, 2012.

4. On January 31, 2014 Plaintiff filed a Petition against third parties, Ricky Lee Bellows, and Kwick Rentals LLC in which he made claim for personal injuries sustained in a motor vehicle collision that occurred on April 4, 2013. That action was later dismissed without prejudice on May 12, 2014, and re-filed in the District Court of Woodward County, Oklahoma April 3, 2015, in case number CJ-2015- 44.

5. Defendant is the liability insurance carrier for Ricky Lee Bellows and Kwick Rentals LLC. with liability limits of $1,000,000.00.

6. Daniel Caswell was a passenger in the vehicle driven by Plaintiff in the collision that occurred on April 4, 2013.

7. On July 9, 2013 a representative of the defendant took the recorded statement of Plaintiff concerning the events of the April 4, 2013 vehicle collision. Plaintiff denied any wrongdoing and Defendant's representative made no indication of a belief that Plaintiff had been negligent in any way in causing the wreck.

8. On March 9, 2015, Defendant paid to Daniel Caswell $100,000.00 which it represented constituted liability limits of Plaintiff's liability policy and subsequently paid an additional $100,000.00 underinsured motorist benefits from Plaintiff's policy to Caswell. Defendant required Caswell sign a release of Plaintiff as a condition to those payments. Plaintiff was never advised by Defendant of any claim by Caswell, nor questioned any more regarding any potential negligence by plaintiff. Plaintiff was never advised that Caswell was making any claim against Plaintiff, that Defendant was negotiating with Caswell or that Defendant actually paid funds to Caswell in exchange for a release until later in the litigation in case no. CJ 2015-44 when defendant, through its counsel provided Plaintiff's counsel copies of certain documents and later listed as exhibits certain documents relating to the claimed settlement by Plaintiff with the passenger, Caswell.

9. Plaintiff was represented by private counsel in the April 4, 2013 vehicle collision and no contact was made by Defendant concerning a potential payment of liability limits to Caswell.

10. Defendant retained counsel in the first vehicle collision was Brad Roberson; he was likewise defendant's retained counsel in the second collision.

11. Defendant owed the obligation to act in good faith in its dealings with Plaintiff and has breached the duty of good faith by representing that it was paying to Caswell liability funds from Plaintiff's insurance policy and UM policy and then using the act and release given in exchange as a means to defeat Plaintiff's claims against Bellows and Kwick Rental. Defendant also breached that duty by attempting to shift responsibility for the April 4, 2013 collision to Plaintiff from Bellows and Kwick Rental with the intention to reduce their potential liability under the Bellows/Kwick Rental Policy of $1,000,000 to just the $200,000 liability and UM money available under Plaintiff's policy. The result being approximately $800,000.00 profit to Defendant.

12. Defendant's conduct has been intentional, willful, malicious and in reckless disregard of the rights of Plaintiff and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendant for compensatory damages for intentional infliction of emotional distress and mental pain and suffering, disgorgement of the increased financial benefits derived by Defendant as a direct result of its wrongful conduct, actual and punitive damages each in an amount in excess of $75,000.00 and prejudgment interest, costs and attorneys' fees.

JURY TRIAL DEMANDED

ATTORNEY LIEN CLAIMED

Respectfully Submitted,

_Duke Halley_
Duke Halley, OBA #3741
Danny Talbot, OBA# 17791
HALLEY, TALBOT & SMITHTON
PO Box 509
Woodward, OK 73802
580.254.9131 telephone
866.511.6129 facsimile
*Attorneys for Plaintiff*