# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL KLEINSASSER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-16-102-M ) |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Motion for Judgment on the Pleadings, filed March 18, 2016. On April 7, 2016, plaintiff filed his response, and on April 14, 2016, defendant filed its reply.

I.  Background

On April 4, 2013, plaintiff was involved in an automobile accident. Around 6:30 in the morning, plaintiff was driving down a rural highway and struck a cow carcass. Plaintiff then lost control of his vehicle, collided with the rear of non-party Ricky Lee Bellows' ("Bellows") pickup truck, struck a fence and then a small cedar tree, and finally rolled one and a half times before coming to rest in a field. At the time of the accident, plaintiff had a passenger, non-party Daniel Caswell ("Caswell"), in his vehicle.

Approximately four hours before plaintiff's accident, Bellows was traveling on the same rural highway and witnessed a cow standing in the roadway. Bellows tried to avoid the cow but was unable to do so and struck the cow. According to Bellows, when he left the scene of the accident, his truck and the cow were off the road. According to plaintiff, Bellows' truck was primarily on the side of the road, and the cow was in the road.

On January 31, 2014, plaintiff filed a Petition against Bellows and Kwick Rentals LLC ("Kwick") (collectively "Bellows Defendants") for the personal injuries he sustained as a result of the April 4, 2013 accident.[1] Plaintiff alleges that Bellows negligently left the cow in the roadway, and as a result, plaintiff's vehicle struck the cow causing plaintiff to lose control of his vehicle and causing the subsequent injury to him and Caswell. Plaintiff dismissed his case against the Bellows Defendants without prejudice on May 12, 2014, and re-filed his case on April 3, 2015. Pursuant to the contracts of insurance between defendant and the Bellows Defendants, defendant hired legal counsel to represent the Bellows Defendants in the suits filed by plaintiff.

On March 9, 2015, defendant paid to Caswell $100,000, which it represented constituted the liability limits of plaintiff's liability policy and subsequently paid an additional $100,000 underinsured motorist benefits to Caswell. Defendant required Caswell to sign a release of plaintiff as a condition to those payments. Plaintiff alleges that he was never advised by defendant that Caswell was making any claim against plaintiff, that defendant was negotiating with Caswell, or that defendant actually paid funds to Caswell in exchange for a release until later in his litigation against the Bellows Defendants, when counsel for the Bellows Defendants provided plaintiff's counsel copies of certain documents relating to the settlement and later listed these documents as exhibits in that case, purportedly to establish that Caswell believed plaintiff was negligent.

On February 5, 2016, plaintiff filed the instant action against defendant, alleging that defendant breached its duty of good faith and fair dealing by paying to Caswell funds from plaintiff's liability insurance policy and then using the act and release given in exchange as a means to defeat plaintiff's claims against the Bellows Defendants. Plaintiff further alleges that defendant

---

[1] Plaintiff, Bellows, and Kwick all have insurance policies with defendant.

breached its duty by attempting to shift responsibility for the April 4, 2013 collision from the Bellows Defendants to plaintiff with the intention to reduce defendant's potential liability under the Bellows Defendants' insurance policies. On February 5, 2016, defendant removed this case to this Court. Defendant now moves this Court to grant judgment on the pleadings in its favor as to the bad faith claim plaintiff has asserted against it.

II.   Standard of Review[2]

When reviewing a motion for judgment on the pleadings under Rule 12(c), the court applies the same standard that applies to a Rule 12(b)(6) motion. *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Finally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a

---

[2]The parties attached certain documents to their submissions regarding the motion for judgment on the pleadings. This Court will not be considering any matters outside the pleadings in this case and will not be converting defendant's motion for judgment on the pleadings to a motion for summary judgment.

3

complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted).

III. Discussion

Defendant first asserts that it cannot be held in bad faith for settling Caswell's claims against plaintiff. Specifically, defendant contends that plaintiff, through the insurance policy, authorized defendant to settle any claims arising from a covered loss asserted against him. Additionally, defendant contends that as plaintiff's primary insurer, Oklahoma law required it to investigate and initiate settlement negotiations if there was a potential for excess liability.

The essential elements a plaintiff must establish to set forth a prima facie case of bad faith are as follows: (1) plaintiff was covered under the insurance policy issued by the defendant and the defendant was required to take reasonable actions in handling the claim made against plaintiff; (2) the actions of defendant were unreasonable under the circumstances; (3) defendant failed to deal fairly and act in good faith toward plaintiff in its handling of the claim made against plaintiff; and (4) the breach or violation of the duty of good faith and fair dealing was the direct cause of any damages sustained by plaintiff. *See Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005). Further, under Oklahoma law,

> [the duty of good faith and fair dealing] includes an affirmative duty to initiate settlement negotiations if an insured's liability is clear and injuries of a claimant are so severe that a judgment in excess of policy limits is likely. In addition, any settlement decision must be based on a thorough investigation of the underlying circumstances of the claim.

*SRM, Inc. v. Great Am. Ins. Co.*, 798 F.3d 1322, 1325-26 (10th Cir. 2015) (internal quotations and citations omitted).

4

Having carefully reviewed plaintiff's Petition and defendant's Answer, the Court finds that plaintiff has alleged sufficient factual matter, accepted as true, to state a bad faith claim against defendant based upon defendant's settlement with Caswell that is plausible on its face. Specifically, the Court finds that plaintiff has sufficiently alleged that he was covered by an insurance policy issued by defendant and that defendant was required to take reasonable actions in handling the Caswell claim. Additionally, the Court finds plaintiff has set forth sufficient factual allegations that defendant's actions were unreasonable under the circumstances and that defendant failed to deal fairly and act in good faith toward him in its handling of the Caswell claim. The Court finds that plaintiff has sufficiently alleged that his liability was not clear and that defendant did not conduct a thorough investigation of the underlying circumstances of the claim. Finally, the Court finds that plaintiff has sufficiently alleged defendant's violation of the duty of good faith and fair dealing was the direct cause of the damages sustained by plaintiff. Accordingly, the Court finds that defendant is not entitled to judgment on the pleadings as to plaintiff's bad faith claim regarding the settlement of the Caswell claim.

Plaintiff, however, also appears to be asserting a bad faith claim regarding defendant's conduct in relation to the handling of plaintiff's claims against the Bellows Defendants. Defendant asserts that it did not owe plaintiff a duty of good faith and fair dealing with respect to plaintiff's claims against the Bellows Defendants. Specifically, defendant contends that plaintiff is a third party to the insurance policies issued to the Bellows Defendants and the duty of good faith and fair dealing does not extend to third parties.

Under Oklahoma law,

> [the] single duty of dealing fairly and in good faith with the insured arises from the contractual relationship. In the absence of a

> contractual or statutory relationship, there is no duty which can be
> breached.

*Allstate Ins. Co. v. Amick*, 680 P.2d 362, 364 (Okla. 1984).

Having carefully reviewed plaintiff's Petition, the Court finds that plaintiff's bad faith claim regarding defendant's conduct in relation to the handling of plaintiff's claims against the Bellows Defendants is being brought by plaintiff as a third party claimant rather than a first party insured. Although plaintiff has a relationship with defendant through his liability insurance policy, his bad faith claim regarding defendant's conduct in relation to the handling of plaintiff's claims against the Bellows Defendants seeks damages as an injured third party. Plaintiff, therefore, does not have the requisite contractual relationship from which the duty of good faith and fair dealing arises. Accordingly, the Court finds that defendant is entitled to judgment on the pleadings as to plaintiff's bad faith claim regarding defendant's conduct in relation to the handling of plaintiff's claims against the Bellows Defendants.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion for Judgment on the Pleadings [docket no. 10] as follows:

(A) The Court GRANTS the motion as to plaintiff's bad faith claim regarding defendant's conduct in relation to the handling of plaintiff's claims against the Bellows Defendants, and
(B) The Court DENIES the motion as to plaintiff's bad faith claim regarding the settlement of the Caswell claim.

**IT IS SO ORDERED this 19th day of April, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE